# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON MONACO, | CASE NO. 1:11-cv-00700-LJO-GBC (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTIONS FOR LEAVE TO AMEND |
| v. | |
| MARGARET MIMMS, et al., | (Docs. 8, 12) |
| Defendants. | |

Plaintiff Don Monaco ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On May 2, 2011, Plaintiff filed his original complaint. (Doc. 1). On June 27, 2011, and September 13, 2011, Plaintiff filed two motions seeking leave to file his first amended complaint and seeking information regarding the status of his action. (Docs. 8, 12).

Regarding Plaintiff's request for the status of his action, in its first informational order, the Court informed Plaintiff that:

> The court will notify you as soon as any action is taken in your case. Due to the large number of civil actions pending before the court, the clerk is unable to respond in writing to individual inquiries regarding the status of your case. As long as you keep the court apprised of your current address, you will receive all decisions which might affect the status of your case.

(Doc. 3).

Regarding Plaintiff's two motions to amend, under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of

1

the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). In this case, a responsive pleading has not been served and Plaintiff has not previously amended his complaint. Therefore, Plaintiff may file an amended complaint without leave of the Court.

In addition, Plaintiff is advised that his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948-49 (2009). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citations omitted). Finally, an amended complaint supercedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that Plaintiff's motions for leave to amend filed on June 27, 2011, and September 13, 2011, are GRANTED. (Docs. 8, 12).

IT IS SO ORDERED.

Dated:   October 13, 2011                         _____
                                                  UNITED STATES MAGISTRATE JUDGE